My name is Michael Bigelow and I represent Terrence Breckenridge. I would begin by making one small point, perhaps nitpicking a little bit, but the government in its opening brief at page 6 argues that it was a stipulated factual basis, and that's not quite correct. What happened in trial is that, at worst, I'm going to argue that it wasn't a stipulation, but at worst, from my perspective, it was a stipulation that the grand jury transcript could be used in support of a factual basis. Part and parcel of my argument is that, assuming for the moment, that it is, in fact, a stipulation that that particular transcript could be used. The facts themselves are not judicial – judicially noticed. The grand jury transcript itself might be, just as a trial transcript might be the subject of judicial notice, or one might review the transcript of a jury trial. Roberts. Haven't we recognized that where the lawyer – where the parties stipulate that a police report can be used as a factual basis, that's – Breyer. Yes. Roberts. So what's significantly different from a police report to a grand jury transcript where the witness testifies under oath? I mean, if we were willing to allow a police report where they stipulate that the police report provides a factual basis and you have there the observations of the police officer, not under oath, just scribbling out what happened, and they stand in front of the superior court judge or the muni court or the limited jurisdiction judge and say, Your Honor, we – factual basis in the police report. No, I understand the Court's point. If you want to characterize the grand – the police report, you know, that would be fine. I'm not going to accept that for the moment. I will accept that for the moment. But anyway, this is a no-contest plea. It's a no-contest plea. No-contest plea is the same as a guilty plea. It wasn't a WISC plea. No-contest plea is not the same as a guilty plea. Yes, it is. It is treated as – it is treated in California courts and it's treated in the Federal courts as the same as a guilty plea for sentencing purposes. But it is clearly, in all cases, a non – the defendant refuses or declines, at least, to recognize the factual basis. That's a WESC plea. No. A WESC plea is where he says, I am – a WESC plea is like an Alford plea. But a no-contest plea is – it remains a declination. A defendant declines to accept the factual basis or admit the factual basis. He says, I want to plead guilty, but I'm not acknowledging that I am, in fact, guilty. What is your ultimate position? I understood it from the briefs not to be that – not to be the no-contest plea and not to be the notion that the stipulation was not a stipulation to the facts, but rather simply and only the contention that there had to be a factual agreement to the factual statement, factual basis by the defendant himself and not by the lawyer. That's what I got out of the briefs. That was your argument. That's – that's correct. That's also – that's also correct. But I'm not sure I am – That's why that was your only argument. What other argument did you make? I think I make both arguments, although – yeah, okay. I think I make both arguments, although I don't make them. What's the both? What's the second argument? I don't make them both. What's the second, though? What is the both? Well, one is this notion that it has to be done by the defendant, which is not true under California law and is not true under Federal law. So what's the other one? The second argument is that the document itself, or at least the facts contained within the document, do not themselves serve the – serve to support the generic contention that the government offers, that it doesn't prove that the underlying offense is a generic predicate offense. And why is that? Because it requires a factual determination by a trier of fact. It requires somebody to make a determination, and that, in this case, is going to be the district court judge. Now, we get to Taylor. What's the factual determination? I'm sorry? What factual determination? Well, it requires a judge to say this is a generic offense, whereas a jury, had a jury heard those same facts, it could support a non-generic offense. It – the jury could have made a – were these facts presented to a jury, for example, a jury could have returned a verdict of guilty to simple possession. Juries do strange things. But those facts themselves, like a trial transcript, which is talked about in Shepard and which is talked about in Taylor, which would not be approved if the jury instruction itself was a non-generic instruction, the reference to the trial transcript would not support the finding that the offense of conviction was a generic offense. And that's a very interesting argument. I certainly don't see that in the brief. I'm sorry, Your Honor. I said that's an interesting argument that I certainly don't see in the brief. I can't hear the last word, ma'am. That argument was not reflected in your blue brief. Yes. I would suggest that it is, but I can understand why the court might find that it is not. It is – You want us to tease it out of the argument that you advanced, which is the one that Judge Berzon mentioned, is that the lawyer, the client must say, Your Honor, I agree. That can be provided as a – the jury transcript can be the factual basis. I admit to everything in that. That argument is clearly there. That argument – I'm – you know, the defendant has got to – if we're – if there's going to be a narrowing of the generic offense, that narrowing has got to be by the defendant himself. It can't be – But our cases don't say that. Well, Omnibus Errors was a – was a plea of guilty. It wasn't a plea of no contest. But this Court's – Let's get rid of that right now. I'm sorry? In California, when you plead no contest, then the judge can determine guilt. And when he does determine guilt, it's called a conviction. And he determines guilt on a factual basis, either supplied by the counsel or stipulated by the counsel. Here it was supplied by counsel. This is a conviction for sale of drugs. Then we're playing a big game of gotcha, because the defendant – Isn't it a conviction for sale of drugs? The conviction is a conviction for – Sale. However the statute is – however the statute is planned, which is in the disjunctive. It's 11-352, right? I'm sorry, Your Honor. I cut you off. I apologize. It's 11-352. It's a sale. It's a 352. Well, it's non-generic. It says for sale, possession, or transportation. No, no, no, transportation or sale. All right? I thought transportation wasn't covered, which is why it's non-generic, right? So it has to be for sale, and it can't be for transportation. Is that right? But it was for transportation. It was generically pled. That is the reason – that is the reason it's necessary to go to the – to the court of law. This – I mean, the whole Taylor thing is a complete quagmire. But we have, in fact – and the Supreme Court seems to have accepted the fact that when you have a – at least when you have a divisible statute like this one, which has different provisions, and the person has to be convicted under one of them, that they – a factual basis in some other document can tell you which one. Correct. Right. So why – I mean, that's why I thought your other argument was quite interesting. I wish you'd written it down, but you didn't. And it certainly requires some elaboration and some chance to respond by the government. So not having made that one – go ahead. Let us look – let us look to this Court's Nguyen case, which is what I cite in my 28J letter. A NOLA contendory plea is first and foremost not an admission of factual guilt. That's this Court. And that's the situation here. It is not an admission of factual guilt, going back to the argument that is clearly presented in my brief. And because it is not an admission of factual guilt, he can't be authorizing his attorney to – when he is very clearly saying, I am not admitting factual guilt. So his lawyer then steps up and says, we stipulate to a factual basis that he is guilty on these facts. That's not an authorized admission. Well, under California law, it's entirely proper. It's entirely – it is entirely proper, but it is not a judicial narrowing of the generic – of the non-generic statute by the defendant. I'm not going to argue with you. Let's – I'll give you a minute or so for rebuttal, but let's hear from the government.  May it please the Court. My name is Daniel McConkie. I represent the government in this matter. This Court has repeatedly held that criminal defendants are bound by admissions of fact made by their attorneys. I believe here, just as in Amos and Becerra, we have a stipulation to a factual basis during a plea call. Well, actually, it wasn't a stipulation. The judge – well, the D.A. said when the judge asked for a factual basis, is there a factual basis? The D.A. said, Judge, take – asked to take – he didn't say – he said, take judicial notice of the grand jury transcript. And the judge said to the defense attorney something like, is that okay? And the defense attorney says, yes. That's it. There are different levels of formality in stipulations, Your Honor. So is that a stipulation? Yes, it is a stipulation. It's not a written stipulation. It was done on the record. So it's a stipulation to all the facts in the grand jury transcript? Yes. The grand jury transcript is specifically mentioned. The parties know what they're talking about. Well, as opposed to the existence of the grand jury transcript. I mean, clearly, there was a stipulation to the existence of the grand jury or an agreement. But it's a little bit of a stretch from what was said to say that, even though it may be what people intended, to say that in any literal sense, they were agreeing to what was in the grand jury transcript. Well, the Court asked whether the grand jury transcript could form the basis of the factual basis, and the parties agreed to that. So it wasn't just to the existence of a grand jury transcript. It was to the stipulation. The prosecutor has said, ask the Court, he says, ask the Court to take judicial notice. So he said, I ask the Court to take judicial notice of the grand jury transcript as a matter of the factual basis. The Court, that's fine. Agreeable, Mr. Fox? Answer, yes. The Court, based on that, would find there was a factual basis for the change of plea. No objection by Mr. Fox. That isn't what I meant, Your Honor. All I'm saying is that you can read it, but that doesn't mean that I stipulate that that's factual basis. So it's just the admission of evidence of what happened, and the Court says, I'm taking into consideration and make a factual finding that there was a say. And that is? The Court, based on the agreement, agreement is the word used in the transcript, based on an agreement of the parties, not objected to by the parties, correct the Court. The Court considered the contents of the factual. It's not an agreement that something happened, but an agreement that the Court could read the transcript to form the factual basis of the crimes commission. Fair enough. Yeah, no, I think that's fine, and I think that's exactly what happened in Almas and Becerra. The Court accepts an agreement between the parties, a stipulation in that case. Well, you know, under California law, all the statute says is the judge has to make a finding that there's a factual basis for the plea. And if you were deeply into the way these all, all, the way these matters are processed in the California courts, the lawyers sometimes just say, the judge will say, is there a factual basis for the plea? The lawyer says, we stipulate that there's a factual basis for the plea, with no recitation of what the facts are. Your Honor, I was a California State court prosecutor for several years. Isn't that right? You're absolutely right. Isn't that right? You're absolutely right. I took many pleas that went down just like that. And the presumption? We all blinked a nod, because it was to facilitate the disposition of the cases. That's correct. But the presumption? So for all purposes, this could just be, you know, is there a factual basis for the plea? Yeah, it's in the transcript. We're not admitting to those facts, but. I'm not sure I see that there's a distinction between accepting it as a factual basis versus the parties admitting to the facts. The fact is, the defense counsel in this case agreed that the grand jury transcript constituted a factual basis. And that becomes judicially noticeable for purposes of the analysis here. Whether, you know, whether that meant the defense counsel was actually, that the defendant was, or the defense counsel was admitting that everything happened in the grand jury transcript. I don't think that's quite the question here. Although, to me, they do seem one and the same by stipulating that the grand jury transcript forms a factual basis. But in either event, it was agreed upon by the parties that it formed a factual basis. It came into the record that. The appropriate question for Taylor-Shepard purposes really isn't whether it actually happened. It's whether it was the basis for the conviction. I agree with that. So by saying it's the factual basis for the conviction, they're agreeing that those are the reasons for the conviction, whether they happened or not. I agree. Anything else? No, Your Honor. Thank you very much. Did we cover everything? I think so. I don't have anything else. Did the Court receive my 28-J letter? It came in a little late. Okay. Yes, we did. Thank you very much. The question then becomes factual basis of what, and we are going to keep your voice up. I can't hear you. Really? I'm sorry. I apologize. Factual basis for what, and we are left with a factual basis for a generic crime. The point that I was. I'm having trouble with that. I mean, we actually were left with a factual basis for a sale crime, right? Well, but it wasn't pled as a sales crime in the factual basis. I'm sorry, what? It wasn't pled as sales. It was pled as a non-generic. It doesn't matter. If the grand jury transcript established the following facts, an individual later identified as a wrecking crew, ER-62, sold rocks to a confidential source for $40. The confidential source gave the rocks to a police officer, and the rocks tested positive for cocaine. Why is that not a factual basis that Rockingbridge sold cocaine? Your Honor, I don't disagree that a jury could have found a sale. And so could the Court. On a no-contest plea, he's faced with those facts, he's been faced on those facts, I find him guilty. But. Because it was a no-contest plea. He took a look at those facts, used them, as would a jury, and found him guilty. The issue of whether it was transportation or whether it was sales was not before the judge at the time of his accepting the plea. That wasn't before him. But the difference between a statute like this and a more gen – a vaguer statute is that in order to be convicted, eventually, somewhere along the way, you have to prove one of those things. You can't just prove – my understanding of State law and of general criminal law is that when you have a statute that sets out a bunch of distinct provisions, there has to be proof of one of them to be convicted. You can't just prove them in the aggregate. You have to prove one of them, as opposed to a statute that doesn't have the specificity so that you don't – you might be able to prove one or the other of them. But in this instance, they had to prove one of them. I – there are many nuances to the Court's question, and – None of which are addressed in your brief. None of which are addressed in any of this or responsive or would be responsive. But a jury verdict for – a verdict form or a jury instruction might specify which crime the prosecution wants a conviction to obtain and be very specific, sales of drugs. But in this case, we don't have that degree of specificity, and that's what the problem is. Well, we have a generic indictment, but we don't have – but we do have a specificity in the grand jury transcript. No, we have a – we have – we have police reports, if you will, that do nothing more than outline – outline some specific facts. Those same facts could have resulted in a jury making a finding, as crazy as juries are, could have found simple possession or transportation, could have found that, depending upon a lot of factors.    We're trying to do a generic – non-generic offense, and I'm way over time, and I apologize. Thank you. Thank you. Thank you, counsel. The matter is submitted and will be in recess until tomorrow. All rise. This court for this session stands adjourned. Thank you.
judges: Paez, Berzon, Bea